IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  HEATHER ANDREWS,<br>an individual, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-CV-143-KEW |
| v. | ) ) | JURY TRIAL DEMANDED |
| 1. ENERGY DEVICES, INC.<br>a foreign corporation,<br>2. ENERGY DEVICES OF TEXAS,<br>INC. a foreign corporation, | ) ) ) ) ) | ATTORNEY'S LIEN CLAIMED<br>FOR THE FIRM |
| Defendants. | ) | |

**AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, Heather Andrews ("Plaintiff"), by and through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.,* and hereby submits the following Amended Complaint against Defendants Energy Devices, Inc. and Energy Devices of Texas, Inc. ("Defendants"). In support thereof, Plaintiff respectfully states and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331, and 29 U.S.C. § 216(b). This Court may exercise jurisdiction over the state law claims asserted herein pursuant to the doctrine of pendent jurisdiction.

2. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or, "the Act"), the Oklahoma Protection of Labor Act, as amended, 40 Okla. Stat. Ann. §§ 165.1, *et seq.* (the "OPLA"), and the common law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1391(c), because the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff was employed by Defendants as a secretary from January 21, 2014 through July 21 2014.

7. At all times relevant to this cause of action, Defendants employed in excess of twenty (20) employees for more than half of the typical business days of the previous calendar year.

8. At all times relevant to this cause of action, Defendants were "employers" as that term is defined by Title VII, the FLSA and the OPLA.

9. At all times relevant to this cause of action, Plaintiff was an "employee engaged in commerce" within the meaning of the FLSA, and is therefore entitled to the protections afforded by the overtime provisions of the FLSA, and has standing under Section 16(b) to maintain this action.

10. At all times relevant to this cause of action, Plaintiff was an employee within the meaning of the OPLA and is therefore entitled to the protections afforded by that statute and has standing under that law to maintain this action.

11. Plaintiff is a member to a protected class, to wit: an employee subjected to sexual

harassment due to her gender, to wit: a female. Plaintiff is also a member of a protected class, to wit: an employee who reported discrimination and was subjected to retaliation subsequent thereto.

12. Defendants were and are now existing under the laws of a foreign state and maintains a facility in Quinton, Oklahoma where Plaintiff was employed during all relevant periods.

13. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on February 19, 2016 (attached hereto as Exhibit A and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

14. Plaintiff became employed by Defendant as a secretary in Quinton, Oklahoma on January 21, 2014.

15. Almost from the beginning of her employment, and until the date she was terminated, Plaintiff's supervisor, Billy Needham ("Needham"), regularly subjected her to extreme and outrageous conduct including public sexual berating and humiliation, highly offensive and often profane sexual comments, threats, intimidation, aggressive behavior, and uninvited, unwanted, and offensive physical contact.

16. Examples of the sexual comments were as follows:

   a. Needham referred to Plaintiff as a "sexy bitch" throughout her employment;

   b. Needham told people in Plaintiff's presence that he should have weighed her when he hired her to ensure she maintained that weight;

    c.      On more than one occasion, Needham stood over Plaintiff and attempted to take pictures down her shirt and when she bent over;

    d.      On May 1, 2014, while at a company picnic, Plaintiff was holding a co-worker's baby to her breast and Needham made the comment that he would be asleep too if his head was laying on "those;"

    e.      Needham constantly joked about Plaintiff being a female and stated that she should be cooking breakfast and lunch for him every day;

    f.      Needham stated that he was going to install a washer and dryer in the office so that Plaintiff could do his laundry;

    g.      On the occasions when Plaintiff went with Mr. Needham to get tickets/invoices signed, he would tell customers he knew he would not have any problems getting them signed since he had Plaintiff with him;

    h.      On one occasion, Needham slapped Plaintiff on the behind;

    i.      Needham asked Plaintiff to go to Las Vegas with him and get married; and

    j.      Some of the sexual comments and touching described herein occurred in front of the Manager of Operations, Kelly Rough, and Plaintiff's co-workers.

17.    On July 14, 2014, while in training in Texas, Plaintiff reported the sexual harassment to Tracy Stewart, who said she would handle it.

18.    On July 15, 2014, Plaintiff reported the sexual harassment to Ron Gabriel, the owner of the company, who said Mr. Needham's behavior was unacceptable and would be handled;

19.    Even after reporting the sexual harassment to Tracy Stewart and Ron Gabriel, the sexual harassment continued on a daily basis after it was reported;

20.    As the sexual harassment was continuing, on July 21, 2014 Plaintiff reported the sexual

harassment to Kelly Rough, Manager of Operations. Plaintiff told Mr. Rough that the sexual harassment made her uncomfortable but that she was afraid to report it to him because he had allowed Mr. Needham to make the sexual comments in front of him.

21. Finally, after exhausting all of these avenues, on July 21, 2014, Plaintiff told Mr. Needham that he had to stop physically and verbally harassing her. Immediately thereafter, Mr. Needham fired Plaintiff and told her to leave the office. Plaintiff went into her office to call Ms. Stewart, who said that the owner, Ron Gabriel, would call her. Mr. Needham followed Plaintiff and hung up the phone and called the police to come remove her from the building.

22. Later that day, Mr. Gabriel called Plaintiff and instructed her to take the day off and come back to work on Tuesday, July 22, 2014 when he would be there.

23. Given how she had been treated during her employment, and the fact that Needham was still employed at the location she would be working, Plaintiff did not feel comfortable returning to work and refused to return.

24. Needham's painful, unwanted, offensive comments and physical contact caused Plaintiff embarrassment, pain, and suffering.

25. Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil Rights Act.

26. Plaintiff was terminated in retaliation for reporting and opposing the sexual harassment in violation of Title VII of the Civil Rights Act.

27. Throughout her employment, Plaintiff was not permitted to take lunch breaks but her time was adjusted by Needham to indicate that such breaks were taken. Needham's alteration of Plaintiff's time sheets prevented her from receiving both regular time and overtime pay for all hours she worked.

28. Subsequent to her termination, Defendants failed to pay Plaintiff for all hours she worked,

including accrued but unused vacation pay she had earned during her employment.

**FIRST CLAIM FOR RELIEF**
**(SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)**

29. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further alleges, as follows:

30. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

31. By and through, but not limited to, the actions described above, the Defendants have violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

32. As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

33. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

34. Plaintiff has been injured by the sexual harassment she was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants were in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of

damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

35. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further alleges, as follows:

36. Plaintiff followed the proper procedures as an employee of Defendants in exercising her federally protected right to complain of the sexual harassment she was subjected to as an employee in Defendants' employ.

37. As a direct result of Plaintiff's complaints, Defendants altered the terms, conditions and/or privileges of her employment by, among other retaliatory acts, terminating her employment.

38. As a direct result of Plaintiff's complaint, Defendants retaliated against Plaintiff for exercising her federally protected right to report the sexual harassment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants were in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

39. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and

further alleges, as follows:

40. That Defendants knew or should have known that Defendants' agent and employee, Billy Needham, had a propensity for sexually harassing employees, as demonstrated by the observations of its management and/or supervisory employees and Plaintiff's prior reports of same.

41. That at the time Defendants' employee was sexually harassing Plaintiff, Defendants had reason to believe that the employee would create an undue risk of harm to others.

42. That Defendants failed to act upon this belief.

43. That the Plaintiff was injured because of Defendants' failure to act.

44. That Plaintiff's injuries are a direct and proximate result of Defendants' failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by the Defendants were in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of lost wages; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorneys' fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF THE OKLAHOMA PROTECTION OF LABOR ACT)**

45. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further alleges, as follows:

46. At all times relevant to the filing of this cause of action, 40 O.S. §§ 165.9 *et seq.* prohibited an employer from refusing to pay wages earned by an employee.

47. Defendants refused to pay all wages due, include regular wages and accrued but unused vacation pay, at the next-scheduled pay date subsequent to Plaintiff's termination from employment.

48. The aforementioned refusal was in direct violation of 40 O.S. §§ 165.1 *et seq.*

49. As a direct and proximate result of Defendants' willful violation of 40 O.S. §§ 165.1, *et seq.*, Plaintiff has suffered, and continues to suffer, loss of income.

50. Pursuant to 40 O.S. § 165.9, Plaintiff is also entitled to liquidated damages for Defendants' failure to pay wages; costs and fees of any nature; and reasonable attorney's fees for bringing this action.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendants is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of unpaid wages; liquidated damages; costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SIXTH CLAIM
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein and further alleges, as follows:

52. At all times relevant to this cause of action, Plaintiff was employed by Defendants and regularly worked in excess of forty (40) hours per week in performance of the duties assigned to Plaintiff by Defendants. Plaintiff was not compensated one and one-half (1 ½) times her regular hourly wages for all the hours worked over forty in a workweek.

53. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any

of the exemptions set forth in the Act.

54. At all times relevant to this cause of action, Defendants had a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1 ½) times her regular hourly wages for all hours worked in excess of forty in one week.

55. Defendants failed to properly compensate Plaintiff for overtime worked, and that failure was a knowing, willful and intentional violation of the FLSA.

**WHEREFORE**, premises considered, Plaintiff prays that the Court adjudge Defendants, in violation of the FLSA; enjoin Defendants from any further violations of the Act pursuant to Section 17 of the FLSA; require that Defendants maintain accurate and complete time records on all non-exempt employees; compensate Plaintiffs for all hours worked in excess of forty (40) hours per week in accordance with the Act; and, after adjudication of the amount due to Plaintiff, that the Court enter final judgment against Defendants in sums respectively due to her for unpaid wages, with prejudgment interest thereon, liquidated damages, attorney fees and costs pursuant to Section 16(b) of the FLSA; and grant such other and further relief as the Court may deem to be just and proper.

Respectfully Submitted,

ARMSTRONG & VAUGHT, P.L.C.

*/s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma   74114
(918) 582-2500 Telephone
(918) 583-1755 Fax
**Attorney for Plaintiff**